**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 09-C-0782 |
| v. | )<br>) |
| SILGAN CONTAINERS MANUFACTURING CORPORATION, | ) **CONSENT DECREE**<br>) **AND ORDER**<br>) |
| Defendant. | )<br>) |

On August 12, 2009, the U.S. Equal Employment Opportunity Commission ("EEOC") filed Civil Action No. 09-C-782 (E.D. Wis.) against defendant Silgan Containers Manufacturing Corporation ("Silgan") under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, alleging that Silgan violated Title VII by intentionally delaying its hiring of Romardro Henderson ("Henderson" or "Charging Party") at its Oconomowoc, Wisconsin facility and then terminating him based on his race (Black). The EEOC's Complaint sought injunctive relief and back pay, compensatory damages, and punitive damages for Mr. Henderson. Silgan filed an answer in response to the civil action referenced above expressly denying the allegations.

The EEOC and Silgan have agreed to this Consent Decree to fully and finally resolve all claims which the EEOC raised in its Complaint in Civil Action No. 09-C-782 (E.D. Wis.) and all claims that the EEOC brought or could have brought arising out of the Determination issued by the EEOC concerning the discrimination charge filed by Mr. Henderson against Silgan, EEOC Charge No. 443-2007-02694C. This Consent Decree shall be final and binding on the EEOC and Silgan; on Silgan's directors, officers, employees, successors, and assigns; and on all persons in active concert or participation with Silgan and Silgan's directors, officers, employees,

successors, and assigns. For purposes of this Consent Decree, "Silgan" refers only to Silgan's Oconomowoc, Wisconsin facility.

## CONSENT DECREE

Upon the consent of the parties to this action, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

### Non-Discrimination

1. <u>Court's Jurisdiction</u>. This Court has jurisdiction over the parties and the subject matter of this action.

2. <u>Prohibition Against Title VII Violations</u>. Silgan is enjoined from engaging in any employment practice which constitutes discrimination or retaliation under Title VII.

3. <u>Compliance with Title VII</u>. Silgan shall comply fully with all provisions of Title VII. Nothing in this Consent Decree shall be construed to limit Silgan's obligations under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Silgan in the future, or Silgan's ability to defend against any such claims.

4. <u>No Retaliation</u>. Silgan shall not retaliate against individuals who filed a charge alleging discrimination under Title VII; opposed any action or practice which s/he reasonably believes is unlawful under Title VII; testified or participated in any manner in any investigation (including, but not limited to, any internal investigation undertaken by Silgan), proceeding, or hearing relating to any claim of employment discrimination in this case or otherwise; or who was identified as a possible witness in this action; asserted any rights under this Consent Decree; or sought and/or received any monetary and/or non-monetary relief in accordance with the law.

2

### Monetary Relief

5.  Silgan agrees that, within fifteen days of the entry of this Consent Decree by the Court, it will pay the sum total of Forty-Five Thousand Dollars ($45,000) to Mr. Henderson to resolve his claims against Silgan by two checks as follows:

   (a) The first check will be in the amount of Twenty-Two Thousand Five Hundred Dollars ($22,500), less the employee's share of all lawful deductions and withholdings. This amount will represent back-pay to Mr. Henderson, for which he will receive an IRS Form W-2 from Silgan; and

   (b) The second check will be in the amount of Twenty-Two Thousand Five Hundred Dollars ($22,500), without deductions and withholdings. This amount represents Mr. Henderson alleged emotional distress damages, for which he will receive an IRS Form 1099 from Silgan. Mr. Henderson shall be responsible for paying any income tax owing on that amount.

Prior to his receipt of the settlement amounts, Mr. Henderson shall sign a release using the form attached as **Exhibit A** to this Consent Decree, and the EEOC shall convey the release to Silgan. Upon receipt of the signed release from the EEOC, Silgan shall send the settlement check by certified U.S. mail to Mr. Henderson at his home address and, on the same day, mail a photocopy of the check to Bradley S. Fiorito, Trial Attorney, EEOC, 500 W. Madison St., Suite 2000, Chicago, Illinois 60661.

### Posting of Notice

6.  Within ten days of the entry of this Consent Decree, Silgan shall post same-sized copies of the Notice attached as **Exhibit B** to this Decree on all bulletin boards at Silgan's

3

Oconomowoc, Wisconsin, facility used for communicating human resources matters to employees. The notice shall remain posted for two years from the date on which this Decree is entered. Within ten business days after the posting, Silgan shall send a letter to Bradley S. Fiorito, Trial Attorney, EEOC, 500 W. Madison St., Suite 2000, Chicago, Illinois 60661, enclosing a copy of the Notice as signed by Silgan and stating the dates and locations of the posting. Silgan shall ensure that the postings are not altered, defaced, or covered by other material. If the posted copies are removed or become defaced or otherwise illegible, as soon as practical Silgan shall re-post readable copies in the same manner as previously specified.

### Training

7.  During the term of this Consent Decree, Silgan shall give the following training to all managers, supervisors, and human resources employees at its Oconomowoc facility:

   (a) Silgan shall provide annual training sessions regarding the rights of applicants and employees under Title VII and the employer's duties under Title VII, with an emphasis on race discrimination and retaliation, as well as on the parts for which they are or may be responsible in Silgan's conduct of investigations into allegations, complaints, or charges of discrimination or retaliation and on the prompt and effective conduct of such investigations.

   (b) Each training session shall include a live presentation by a Silgan executive, manager, or human resources professional emphasizing Silgan's commitment to prevent discrimination and retaliation.

   (c) Silgan shall provide the training in accordance with Paragraph 7(a) above during the periods ending on May 31, 2011, and May 31, 2012.

4

8.  Silgan shall obtain the EEOC's approval of its proposed trainer prior to the commencement of the training sessions described in Paragraph 7. The EEOC shall not unreasonably withhold its approval. Silgan shall submit the date(s) of the proposed training, and the name, address, telephone number, resume, and training proposal of the proposed trainer (including the training materials to be used and a summary of the proposed content to be presented), to the EEOC at least twenty business days prior to the proposed date of each training. The EEOC shall have ten business days from the date of receipt of the information described above to accept or reject the training proposal. In the event the EEOC rejects Silgan's training proposal, Silgan shall have ten business days to submit an alternate training proposal. The EEOC shall then have ten business days from the date of receipt of the information described above to accept or reject the alternate training proposal. If the EEOC does not timely reject the training proposal, the training proposal shall be deemed approved. If the parties cannot through this process agree on a trainer or training proposal, then they may seek the Court's assistance under Paragraph 14.

9.  Within five business days after the training session has occurred, Silgan shall send a letter to Bradley S. Fiorito, Trial Attorney, EEOC, 500 W. Madison St., Suite 2000, Chicago, Illinois 60661, certifying to the EEOC that the training has taken place and that the required personnel have attended.

### Reporting and Record Retention

10.  <u>Reporting of Terminated or Otherwise Separated Employees.</u>   On December 1, 2010, June 1, 2011, December 1, 2011, and June 1, 2012, Silgan shall report the following information to the EEOC: (a) the names, addresses, and telephone numbers of all African-

American or Black employees at Silgan's Oconomowoc, Wisconsin, facility who are terminated or otherwise separated from employment; (b) a detailed explanation of why each of those individuals was terminated or otherwise separated from employment; and (c) a description of any documents or other evidence used to support the decision to terminate or otherwise separate the employee.

11. <u>Discrimination and Retaliation Complaints</u>. For two years from the entry of this Consent Decree and Order, Silgan shall report the following information to the EEOC: (a) the names, addresses, and telephone numbers of all employees at Silgan's Oconomowoc, Wisconsin, facility who make a formal or informal complaint of discrimination on the basis of race; (b) a summary of the nature of the complaint or allegation, with details including the specific facts of the complaint, the persons involved, and the actions taken by Silgan to promptly and effectively deal with the complaint or allegation; (c) a summary of the results of any investigation, discipline, or other action taken as a result of the complaint or allegation; and (d) a description of all changes in the terms and conditions of employment for any Silgan employee who has, within the preceding year, made an internal complaint or allegation of discrimination based on race, or filed a charge, given testimony or assistance, or participated in any investigation, proceeding, or hearing involving retaliation or discrimination based on race. Silgan shall report this information to the EEOC within sixty days after the receipt of any complaint or allegation of discrimination or retaliation or, with regard to (d), within sixty days of any change in the terms and conditions of employment. Silgan shall make the reports on December 1, 2010, June 1, 2011, December 1, 2011, and June 1, 2012, in writing to Bradley S. Fiorito, Trial Attorney, EEOC, 500 W. Madison St., Suite 2000, Chicago, Illinois 60661.

6

12. <u>Reporting of Applicant and Hiring Information.</u> For at least two years from the entry of this Consent Decree and Order, Silgan will provide job applicants at its Oconomowoc, Wisconsin, facility a voluntary Applicant Self Identification Form that permits applicants to identify, at minimum (a) their full names, (b) application date, (c) the employment position(s) sought, (d) sex, (e) Hispanic or Latino ethnicity and (f) race (i.e., (i) American Indian or Alaska Native; (ii) Asian; (iii) Black or African American; (iv) Native Hawaiian or Other Pacific Islander; or (v) White. On December 1, 2010, June 1, 2011, December 1, 2011, and June 1, 2012, shall report the following information to the EEOC for each applicant to its Oconomowoc, Wisconsin, facility: (a) each applicant's name, address(es), telephone number(s) and self-identified race/ethnicity, if known (b) a description of the position for which each applicant applied; (c) an explanation of the hiring decision(s) made by Silgan with regard to the applicant, including the name(s) of the decision maker(s) and the reason(s) for the decision(s).

13. <u>Document Retention.</u> Silgan shall maintain all documents pertaining to terminations or other separations pursuant to Paragraph 10, the complaints reported pursuant to Paragraph 11, and the employment applications and decisions described in Paragraph 12 for the full two-year reporting period, and shall make such documents available for inspection by EEOC on 48 hours' written notice (excluding weekends and holidays).

### Dispute Resolution

14. If either party to this Consent Decree believes that the other party has failed to comply with any provision of the Decree, the complaining party shall notify the other party of the alleged non-compliance within twenty business days of the alleged non-compliance and shall afford the alleged non-complying party twenty business days to remedy the non-compliance or to

7

satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within twenty business days, the complaining party may apply to the Court for appropriate relief.

## Miscellaneous Provisions

15. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC on behalf of Mr. Henderson in its Complaint in Civil Action No. 09-C-782 (E.D. Wis.) and all claims that the EEOC brought or could have brought arising out of the Determination issued by the EEOC concerning the discrimination charge filed by Mr. Henderson against Silgan, EEOC Charge No. 443-2007-02694C. The parties agree that this Decree does not resolve any other charges or claims, including, but not limited to, the claims asserted by the EEOC on behalf of Richard Roth in *Equal Employment Opportunity Commission v. Silgan Containers Manufacturing Corporation*, Civil Action No. 09-C-853 (E.D. Wis.), and all claims that the EEOC brought or could have brought arising out of the discrimination charge filed by Mr. Roth against Silgan, EEOC Charge No. 443-2007-02504C.

16. The terms of this Decree are adequate, fair, reasonable, equitable, and just.

17. This Decree conforms to the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Decree will further Title VII's objectives and will be in the best interests of the parties, Mr. Henderson, and the public.

18. Each party to this Decree shall bear its own costs, attorneys' fees, and expenses.

19. The terms of this Decree are and shall be binding upon Silgan's present and future directors, officers, assigns, and successors, in their capacities as Silgan directors and officers and

8

not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

20. This Consent Decree shall be filed in the United States District Court for the Eastern District of Wisconsin, and shall continue in effect for two years, following which it shall terminate. Any application by any party to modify or vacate the Decree during that period shall be made by motion to the Court on no less than thirty days' notice to the other party.

21. This Court shall retain jurisdiction over this action in order to enforce the terms of this Consent Decree.

SO ORDERED, ADJUDGED, AND DECREED this 1st day of July, 2010.

By the Court:

Magistrate Judge William E. Callahan
United States Magistrate Judge

Agreed to in form and content:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
By its attorneys:

Dated: June 29 2010

John C. Hendrickson, Regional Attorney
Jean P. Kamp, Associate Regional Attorney
Gregory M. Gochanour, Supervisory Trial Attorney
Bradley S. Fiorito, Trial Attorney
EEOC Chicago District Office
500 West Madison Street - Suite 2000
Chicago, IL 60661
*Telephone*: (312) 353-7719  *Fax*: (312) 353-8555
*E-mail*: john.hendrickson@eeoc.gov
*E-mail*: jean.kamp@eeoc.gov
*E-mail*: gregory.gochanour@eeoc.gov
*E-mail*: bradley.fiorito@eeoc.gov

9

Dated: June 21, 2010

SILGAN CONTAINERS MANUFACTURING
CORPORATION
By its attorneys:

*Nadine Abrahams*

Nadine C. Abrahams, Esq.
Sara A. Weinberg, Esq.
Jackson Lewis LLP
150 N. Michigan Avenue - Suite 2600
Chicago, IL 60601
*Telephone*: (312) 787-4949 *Fax*: (312) 787-4995
*E-mail*: abrahamsn@jacksonlewis.com
weinbergs@jacksonlewis.com

10

*Exhibit A*

## RELEASE

In consideration for Forty-Five Thousand Dollars ($45,000) paid to me by Silgan Containers Manufacturing Corporation ("Silgan") in connection with the resolution of *Equal Employment Opportunity Commission v. Silgan Containers Manufacturing Corporation*, Civil Action No. 09-C-872 (E.D. Wis.), I waive my right to recover for any claim of discrimination arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, that I had against Silgan prior to the date of this release, and that was included or could have been included in the claims alleged in the EEOC's complaint in *Equal Employment Opportunity Commission v. Silgan Containers Manufacturing Corporation*, Civil Action No. 09-C-872 (E.D. Wis.) and all claims that the EEOC brought or could have brought arising out of the Determination issued by the EEOC concerning the discrimination charge filed by me against Silgan, EEOC Charge No. 443-2007-02694C. I understand that I will be solely responsible for the payment of all income taxes related to this payment and that I will be issued an IRS Form 1099 for a portion of this payment.

Dated: _____, 2010      _____
                                Romardro Henderson

12

*Exhibit B*

13

## NOTICE TO ALL SILGAN EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Silgan Containers Manufacturing Corporation ("Silgan").

In its lawsuit, the EEOC alleged that Silgan violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, by intentionally delaying its hiring of former-employee Romardro Henderson and then terminating him based on his race (Black). Silgan filed an answer to the lawsuit expressly denying the allegations. Title VII is a federal law which prohibits discrimination against employees and applicants for employment based on their race, color, national origin, religion, or sex. Title VII also forbids employers from retaliating against employees or applicants who oppose discriminatory employment practices, file a charge of discrimination with a government agency, or testify or participate in an EEOC investigation.

This case was resolved by paying a monetary amount to Mr. Henderson; by ensuring that Silgan will not violate Title VII; and by having Silgan report to the EEOC about any new complaints of discrimination. The Consent Decree also provides that:

- Silgan will not retaliate against any person because s/he opposed any practice made unlawful by Title VII, filed a charge of discrimination under Title VII, participated in any Title VII proceeding, or asserted any rights under the Consent Decree.

- Silgan will train all of its supervisors, managers, and human resources employees regarding the rights of applicants and employees under Title VII, and the employer's duties under Title VII.

The EEOC enforces the federal laws against employment discrimination on the basis of race, color, religion, national origin, sex, age, or disability. If you believe you have been discriminated against, you may call the EEOC at (414) 297-1110 or at (800) 669-4000. The EEOC does not charge fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. This Notice must remain posted for 24 months from the date below and must not be altered, defaced, or covered by any other material.**

Date: _____, 2010      By: _____
                                    Dean LaClair
                                    Plant Manager – Oconomowoc
                                    Silgan Containers Manufacturing Corporation

14

4842-2379-2390, v. 1

15